IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JAMES C. TEMS | § | |
| v. | § | CIVIL ACTION NO. 6:07cv126 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner James Tems, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Tems was convicted on November 16, 2004, of possession of a controlled substance with intent to deliver, receiving a sentence of 60 years in prison. He took a direct appeal and sought discretionary review from the Texas Court of Criminal Appeals, and also sought state habeas corpus relief. Once these remedies had been pursued, to no avail, he filed his federal habeas corpus petition.

In his petition, Tems contended that he had received ineffective assistance of counsel in nine particulars, the Court of Appeals erred in failing to find error when the trial court denied his attorney's motion to withdraw, and that the Court of Appeals erred in failing to find error when the trial court gave counsel to and assisted the State in the presentation of its case at the punishment phase of the trial. The Magistrate Judge ordered the Respondent to answer, to which Tems filed a reply. In this answer, the Respondent asserted that Tems' third ground for relief had been procedurally defaulted and that the two remaining grounds lacked merit. The Respondent also provided copies of the state court records.

After review of the records and pleadings, the Magistrate Judge issued a Report on October 11, 2007, recommending that the petition be dismissed. The Magistrate Judge examined each of Tems' points on ineffective assistance of counsel, and reviewed his claim that the Court of Appeals erred in failing to find error in the trial court's denial of counsel's motion to withdraw. However, the Magistrate Judge determined that these claims lacked merit, and that Tems' final ground for relief had been procedurally defaulted.

Tems filed objections to the Magistrate Judge's Report on October 25, 2007. These objections are primarily devoted to arguing that he should have been given an evidentiary hearing. Tems also discusses the merits of his claims, but this discussion is essentially a re-statement of his grounds for relief, with little or no discussion of the Magistrate Judge's proposed findings or conclusions.

The Fifth Circuit has said that a habeas corpus petitioner is entitled to an evidentiary hearing if he alleges facts that, if proved, would entitle him to relief, and the record reveals a genuine factual dispute about the alleged facts. Theriot v. Whitley, 18 F.3d 311, 315 (5th Cir. 1994). The Court has also stated that bald assertions on a critical issue in a habeas petition, unsupported and unsupportable by anything else contained in the record, are insufficient to warrant an evidentiary hearing. Johnson v. Scott, 68 F.3d 106, 112 (5th Cir. 1995), *citing* Byrne v. Butler, 845 F.2d 501, 513-14 (5th Cir.), *cert. denied* 487 U.S. 1242 (1988).

A federal habeas corpus court must hold an evidentiary hearing if there are disputed facts and the petitioner did not receive a full and fair hearing in a state court, either at trial or in a collateral proceeding. Wiley v. Puckett, 969 F.2d 86, 98 (5th Cir. 1992). However, a federal district court need not conduct an evidentiary hearing if the state record is sufficient to dispose of the issues. Joseph v. Butler, 838 F.2d 786, 788 (5th Cir. 1988).

In this case, the mere fact that he did not have an evidentiary hearing in state court does not entitle him to such a hearing in federal court, as Tems appears to assert. Instead, the state record is sufficient to dispose of the issues involved, and so no evidentiary hearing is required.

Although Tems argues that he is entitled to such a hearing, he fails to point to any genuine factual dispute which a hearing is necessary to resolve. *See generally* McDonald v. Johnson, 139 F.3d 1056, 1058 (5th Cir. 1998). Nor do Tems' restatements of his grounds for relief provide any basis for setting aside the Report of the Magistrate Judge; as noted above, Tems simply re-argues his claims, with little or no discussion of the Magistrate Judge's proposed findings of fact or conclusions of law. Tems' objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the answer of the Respondent, the Petitioner's response to the answer, the state court records, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner James Tems is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 20th day of November, 2007.**



_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**